IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANNY PRATT, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| EVERALBUM, INC., a Delaware corporation | ) ) ) ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441 and 1446, Defendant Everalbum, Inc. ("Ever") hereby removes to the United States District Court for the Northern District of Illinois, Eastern Division, the above-styled action, pending as Case No. 2017-CH-00994 in the Circuit Court of Cook County, Illinois, Chancery Division (the "State Court Action"). In support of this Notice of Removal, Ever states as follows:

## BACKGROUND

1. Plaintiff Danny Pratt ("Plaintiff") commenced this action by filing a Class Action Complaint and Demand for Jury Trial ("Complaint" or "Compl.") in the Circuit Court of Cook County, Illinois, Chancery Division, on January 23, 2017. A copy of the Complaint is attached hereto as **Exhibit 1**. Ever was served with the summons and Complaint in the State Court Action on January 30, 2017. *See* **Exhibit 2**.

2. The Complaint purports to assert individual and class action claims against Ever for violation of the Illinois Right of Publicity Act, 765 ILCS 1075, *et seq.* (the "IRPA") and

breach of contract. *See* Compl. ¶¶ 38-52. The Complaint alleges that Ever's smartphone application (the "App") "allows users to free up space on their Apple and Android devices by uploading their photos and videos to its cloud storage service." Compl. ¶ 1; *see also* Declaration of Jonathan Mumm dated March 1, 2017 ("Mumm Decl.") ¶ 3. According to the Complaint, the App offers users 1,000 gigabytes ("GB") of free enhanced storage (which they otherwise would have to pay for) in exchange for sending text messages through the App to all of their contacts inviting them to download the App. *See* Compl. ¶¶ 2, 15-16; *see also* Mumm Decl. ¶ 4.

3. The Complaint alleges that Ever has violated the IRPA—which prohibits the "use [of] an individual's identity for commercial purposes . . . without having obtained previous written consent" (765 ILCS 1075/30)—because the text message invitations that users send to their contacts via the App allegedly identify the full name of the user who sent the invitation without the user's prior written consent, and include a hyperlink that leads to a page where the recipient is invited to download the App. *See* Compl. ¶¶ 4, 6, 40-42. The Complaint also alleges that Ever has breached its contract with users because it does not give users the promised 1,000 GB of free storage when they invite all their contacts to join the App. *See id.* ¶¶ 47-49.

4. Plaintiff alleges that he downloaded the App in October 2016 (*see* Compl. ¶ 26) and sent invitations to all his contacts "shortly thereafter" (*id.* ¶ 31) on Tuesday, October 18, 2016 (*see id.* at Fig. 3). Plaintiff asserts a claim against Ever for violation of the IRPA on behalf of himself and all other Illinois residents who have sent text message invitations through the App, and seeks, at a minimum, statutory damages of $1,000 per violation, plus punitive damages, attorneys' fees and injunctive relief. *See id.* ¶ 44. With respect to the breach of contract claim, Plaintiff also seeks actual damages plus reasonable costs and attorneys' fees on behalf of himself and all putative class members. *See id.* ¶ 52.

5. According to Ever's business records, on October 18, 2016, Plaintiff downloaded the App and sent 99 text message invitations to his contacts. *See* Mumm Decl. ¶ 5. In exchange for inviting all his contacts to join the App, Plaintiff was given unlimited GB of enhanced storage for free. *See id.*

### GROUNDS FOR REMOVAL

6. This Court is in the judicial district and division embracing the place where the State Court Action was brought and is pending. Thus, it is the proper district to which the State Court Action should be removed. *See* 28 U.S.C. §§ 1441(a), 1446(a).

7. Removal is proper under 28 U.S.C. §§ 1332(a)(1) and 1441(a) because the parties are of completely diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1441(a), 1332(a)(1). As the party seeking to invoke federal diversity jurisdiction here, Ever "bears the burden of demonstrating that the complete diversity and amount in controversy requirements are met." *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Ever may satisfy its burden by supporting its jurisdictional allegations with "competent proof," which, in this Circuit, means "evidence which proves to a reasonable probability that jurisdiction exists." *Id.* (quotations and citations omitted).

**A.  There Is Complete Diversity of Citizenship**

8. Plaintiff is a citizen of Illinois. *See* Compl. ¶ 7.

9. Ever is a Delaware corporation with its principal and sole place of business in San Francisco, California. *See* Compl. ¶ 8; *see also* Mumm Decl. ¶ 2. For purposes of diversity jurisdiction, Ever is a citizen of Delaware and California. *See* 28 U.S.C. § 1332(c)(1); *see also Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 528 (7th Cir. 2002) ("The diversity statute states

that a corporation is a citizen of both the state in which it is incorporated and the state in which its principal place of business is located.").

10. Thus, complete diversity of citizenship is established here, as this action is between a citizen of Illinois and a citizen of Delaware and California.

B. **The Amount in Controversy Exceeds $75,000**

11. Ever bears the "burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum" of $75,000, exclusive of interest and costs. *Haran v. Medtronic, Inc.*, 1998 WL 575278, at *1 (N.D. Ill. Sept. 3, 1998) (citing *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993)). "Generally, when determining whether the amount in controversy meets the jurisdictional minimum required for federal diversity jurisdiction, a court first looks to the pleadings." *Haran*, 1998 WL 575278, at *2 (citing *Chase*, 110 F.3d at 427). However, where, as here, the plaintiff has not specifically pled an exact amount in controversy, "the district court may look outside the pleadings to other evidence of jurisdictional amount in the record." *Chase*, 110 F.3d at 428. A defendant may establish the required amount in controversy through calculations based on the complaint's allegations, affidavits from its employees or other evidence. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006). "[T]he estimate of the dispute's stakes advanced by the proponent of federal jurisdiction controls unless a recovery that large is legally impossible." *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011).

12. Here, the Complaint alleges that the text message invitations which Plaintiff sent to all of his contacts through the App violated the IRPA because they encouraged the recipients to download the App and used Plaintiff's full name without his written consent. *See* Compl. ¶¶ 27-32. The Complaint seeks, at a minimum, statutory damages of $1,000 per text message sent.

*See id.* ¶ 44; *see also* IRPA, 765 ILCS 1075/40 ("A person who violates Section 30 of this Act may be liable for either of the following, whichever is greater: (1) actual damages, profits derived from the unauthorized use, or both; or (2) $1,000."). In addition, the Complaint seeks an award of punitive damages, attorneys' fees and injunctive relief on Plaintiff's IRPA claim, as well as actual damages and attorneys' fees on his breach of contract claim.

13. According to Ever's business records, Plaintiff sent 99 text message invitations to his contacts on October 18, 2016. *See* Mumm Decl. ¶ 5. Each of those text messages allegedly included Plaintiff's full name without his prior written consent and promoted the App in violation of the IRPA. *See* Compl. at Fig. 3. Thus, according to Plaintiff's own allegations, the amount in controversy on his individual claims is, at a minimum, $99,000. In fact, the amount in controversy is well over $99,000, given Plaintiff's request for punitive damages, injunctive relief and attorneys' fees, including the fees already incurred by Plaintiff's counsel to date. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006) ("[A]ttorneys' fees up to the time of removal also count toward the jurisdictional amount."). Accordingly, the amount in controversy exceeds $75,000, exclusive of interest and costs, as required to invoke federal diversity jurisdiction under 28 U.S.C. § 1332(a).

## FILING OF REMOVAL PAPERS

14. Pursuant to 28 U.S.C. § 1446(a), this notice of removal is signed by counsel for Ever pursuant to Federal Rule of Civil Procedure 11.

15. Pursuant to 28 U.S.C. § 1446(d), Ever is filing a Notice of Filing Notice of Removal and a copy of this Notice of Removal with the Circuit Court of Cook County, Illinois, Chancery Division. A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit 3**.

16.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal has been provided to Plaintiff on this date, through his attorneys of record, Benjamin H. Richman and Ari J. Scharg, Edelson PC, 350 N. LaSalle Street, 13th Floor, Chicago, Illinois 60654.

WHEREFORE, Ever hereby removes the State Court Action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division, and respectfully requests that this action proceed in this Court.

Dated: March 1, 2017                                            Respectfully submitted,


*/s/ John C. Gekas*
Attorney for Defendant

ARNSTEIN & LEHR LLP
120 South Riverside Plaza
Suite 1200
Chicago, IL 60606
Telephone:  (312) 876-7100
Facsimile:   (312) 876-0288

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 1st day of March 2017, a copy of the foregoing **Notice of Removal** was served upon the following counsel of record for Plaintiff in the State Court Action via electronic mail:

Benjamin H. Richman, Esq.
Ari J. Scharg, Esq.
EDELSON PC
350 N. LaSalle Street, 13th Floor
Chicago, IL 60654
Email: brichman@edelson.com
       ascharg@edelson.com

                                            */s/John C. Gekas*
                                            John C. Gekas