# EXHIBIT 3

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

|  |  |  |
|---|---|---|
| DANNY PRATT, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2017-CH-00994 |
| v. | ) ) | |
| EVERALBUM, INC., a Delaware corporation | ) ) ) | |
| Defendant. | ) ) | |

## NOTICE OF FILING NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, on March 1, 2017, Defendant Everalbum, Inc. filed the notice of removal attached hereto as **Exhibit A** in accordance with 28 U.S.C. §§ 1332, 1441 and 1446, thereby removing the above-captioned action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: March 1, 2017

/s/ John C. Gekas
Attorney for Defendant

ARNSTEIN & LEHR LLP
120 South Riverside Plaza
Suite 1200
Chicago, IL 60606
Telephone: (312) 876-7100
Facsimile: (312) 876-0288

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that, on this 1st day of March 2017, a copy of the foregoing

**Notice of Filing Notice of Removal** was served upon the following counsel of record for

Plaintiff via electronic mail:

Benjamin H. Richman, Esq.
Ari J. Scharg, Esq.
EDELSON PC
350 N. LaSalle Street, 13th Floor
Chicago, IL 60654
Email: brichman@edelson.com
        ascharg@edelson.com


                                    */s/John C. Gekas*
                                    John C. Gekas

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| DANNY PRATT, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| EVERALBUM, INC., a Delaware corporation | ) ) ) |
| Defendant. | ) ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441 and 1446, Defendant Everalbum, Inc. ("Ever") hereby removes to the United States District Court for the Northern District of Illinois, Eastern Division, the above-styled action, pending as Case No. 2017-CH-00994 in the Circuit Court of Cook County, Illinois, Chancery Division (the "State Court Action"). In support of this Notice of Removal, Ever states as follows:

## BACKGROUND

1.      Plaintiff Danny Pratt ("Plaintiff") commenced this action by filing a Class Action Complaint and Demand for Jury Trial ("Complaint" or "Compl.") in the Circuit Court of Cook County, Illinois, Chancery Division, on January 23, 2017. A copy of the Complaint is attached hereto as **Exhibit 1**. Ever was served with the summons and Complaint in the State Court Action on January 30, 2017. *See* **Exhibit 2**.

2.      The Complaint purports to assert individual and class action claims against Ever for violation of the Illinois Right of Publicity Act, 765 ILCS 1075, *et seq.* (the "IRPA") and

breach of contract. *See* Compl. ¶¶ 38-52. The Complaint alleges that Ever's smartphone application (the "App") "allows users to free up space on their Apple and Android devices by uploading their photos and videos to its cloud storage service." Compl. ¶ 1; *see also* Declaration of Jonathan Mumm dated March 1, 2017 ("Mumm Decl.") ¶ 3. According to the Complaint, the App offers users 1,000 gigabytes ("GB") of free enhanced storage (which they otherwise would have to pay for) in exchange for sending text messages through the App to all of their contacts inviting them to download the App. *See* Compl. ¶¶ 2, 15-16; *see also* Mumm Decl. ¶ 4.

3. The Complaint alleges that Ever has violated the IRPA—which prohibits the "use [of] an individual's identity for commercial purposes . . . without having obtained previous written consent" (765 ILCS 1075/30)—because the text message invitations that users send to their contacts via the App allegedly identify the full name of the user who sent the invitation without the user's prior written consent, and include a hyperlink that leads to a page where the recipient is invited to download the App. *See* Compl. ¶¶ 4, 6, 40-42. The Complaint also alleges that Ever has breached its contract with users because it does not give users the promised 1,000 GB of free storage when they invite all their contacts to join the App. *See id.* ¶¶ 47-49.

4. Plaintiff alleges that he downloaded the App in October 2016 (*see* Compl. ¶ 26) and sent invitations to all his contacts "shortly thereafter" (*id.* ¶ 31) on Tuesday, October 18, 2016 (*see id.* at Fig. 3). Plaintiff asserts a claim against Ever for violation of the IRPA on behalf of himself and all other Illinois residents who have sent text message invitations through the App, and seeks, at a minimum, statutory damages of $1,000 per violation, plus punitive damages, attorneys' fees and injunctive relief. *See id.* ¶ 44. With respect to the breach of contract claim, Plaintiff also seeks actual damages plus reasonable costs and attorneys' fees on behalf of himself and all putative class members. *See id.* ¶ 52.

5. According to Ever's business records, on October 18, 2016, Plaintiff downloaded the App and sent 99 text message invitations to his contacts. *See* Mumm Decl. ¶ 5. In exchange for inviting all his contacts to join the App, Plaintiff was given unlimited GB of enhanced storage for free. *See id.*

## GROUNDS FOR REMOVAL

6. This Court is in the judicial district and division embracing the place where the State Court Action was brought and is pending. Thus, it is the proper district to which the State Court Action should be removed. *See* 28 U.S.C. §§ 1441(a), 1446(a).

7. Removal is proper under 28 U.S.C. §§ 1332(a)(1) and 1441(a) because the parties are of completely diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1441(a), 1332(a)(1). As the party seeking to invoke federal diversity jurisdiction here, Ever "bears the burden of demonstrating that the complete diversity and amount in controversy requirements are met." *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Ever may satisfy its burden by supporting its jurisdictional allegations with "competent proof," which, in this Circuit, means "evidence which proves to a reasonable probability that jurisdiction exists." *Id.* (quotations and citations omitted).

### A. There Is Complete Diversity of Citizenship

8. Plaintiff is a citizen of Illinois. *See* Compl. ¶ 7.

9. Ever is a Delaware corporation with its principal and sole place of business in San Francisco, California. *See* Compl. ¶ 8; *see also* Mumm Decl. ¶ 2. For purposes of diversity jurisdiction, Ever is a citizen of Delaware and California. *See* 28 U.S.C. § 1332(c)(1); *see also Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 528 (7th Cir. 2002) ("The diversity statute states

that a corporation is a citizen of both the state in which it is incorporated and the state in which its principal place of business is located.").

10.     Thus, complete diversity of citizenship is established here, as this action is between a citizen of Illinois and a citizen of Delaware and California.

### B.     The Amount in Controversy Exceeds $75,000

11.     Ever bears the "burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum" of $75,000, exclusive of interest and costs. *Haran v. Medtronic, Inc.*, 1998 WL 575278, at *1 (N.D. Ill. Sept. 3, 1998) (citing *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993)).  "Generally, when determining whether the amount in controversy meets the jurisdictional minimum required for federal diversity jurisdiction, a court first looks to the pleadings."  *Haran*, 1998 WL 575278, at *2 (citing *Chase*, 110 F.3d at 427).  However, where, as here, the plaintiff has not specifically pled an exact amount in controversy, "the district court may look outside the pleadings to other evidence of jurisdictional amount in the record."  *Chase*, 110 F.3d at 428.  A defendant may establish the required amount in controversy through calculations based on the complaint's allegations, affidavits from its employees or other evidence.  *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006).  "[T]he estimate of the dispute's stakes advanced by the proponent of federal jurisdiction controls unless a recovery that large is legally impossible."  *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011).

12.     Here, the Complaint alleges that the text message invitations which Plaintiff sent to all of his contacts through the App violated the IRPA because they encouraged the recipients to download the App and used Plaintiff's full name without his written consent.  *See* Compl. ¶¶ 27-32.  The Complaint seeks, at a minimum, statutory damages of $1,000 per text message sent.

*See id.* ¶ 44; *see also* IRPA, 765 ILCS 1075/40 ("A person who violates Section 30 of this Act may be liable for either of the following, whichever is greater: (1) actual damages, profits derived from the unauthorized use, or both; or (2) $1,000."). In addition, the Complaint seeks an award of punitive damages, attorneys' fees and injunctive relief on Plaintiff's IRPA claim, as well as actual damages and attorneys' fees on his breach of contract claim.

13.     According to Ever's business records, Plaintiff sent 99 text message invitations to his contacts on October 18, 2016. *See* Mumm Decl. ¶ 5. Each of those text messages allegedly included Plaintiff's full name without his prior written consent and promoted the App in violation of the IRPA. *See* Compl. at Fig. 3. Thus, according to Plaintiff's own allegations, the amount in controversy on his individual claims is, at a minimum, $99,000. In fact, the amount in controversy is well over $99,000, given Plaintiff's request for punitive damages, injunctive relief and attorneys' fees, including the fees already incurred by Plaintiff's counsel to date. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006) ("[A]ttorneys' fees up to the time of removal also count toward the jurisdictional amount."). Accordingly, the amount in controversy exceeds $75,000, exclusive of interest and costs, as required to invoke federal diversity jurisdiction under 28 U.S.C. § 1332(a).

## FILING OF REMOVAL PAPERS

14.     Pursuant to 28 U.S.C. § 1446(a), this notice of removal is signed by counsel for Ever pursuant to Federal Rule of Civil Procedure 11.

15.     Pursuant to 28 U.S.C. § 1446(d), Ever is filing a Notice of Filing Notice of Removal and a copy of this Notice of Removal with the Circuit Court of Cook County, Illinois, Chancery Division. A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit 3**.

16.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal has been provided to Plaintiff on this date, through his attorneys of record, Benjamin H. Richman and Ari J. Scharg, Edelson PC, 350 N. LaSalle Street, 13th Floor, Chicago, Illinois 60654.

WHEREFORE, Ever hereby removes the State Court Action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division, and respectfully requests that this action proceed in this Court.

Dated: March 1, 2017                                   Respectfully submitted,


                                                      */s/ John C. Gekas*
                                                      Attorney for Defendant

                                                      ARNSTEIN & LEHR LLP
                                                      120 South Riverside Plaza
                                                      Suite 1200
                                                      Chicago, IL 60606
                                                      Telephone:  (312) 876-7100
                                                      Facsimile:  (312) 876-0288

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 1st day of March 2017, a copy of the foregoing

**Notice of Removal** was served upon the following counsel of record for Plaintiff in the State

Court Action via electronic mail:

Benjamin H. Richman, Esq.
Ari J. Scharg, Esq.
EDELSON PC
350 N. LaSalle Street, 13th Floor
Chicago, IL 60654
Email: brichman@edelson.com
        ascharg@edelson.com


                                        */s/John C. Gekas*
                                        John C. Gekas

# EXHIBIT 1

ELECTRONICALLY FILED
1/23/2017 5:35 PM
2017-CH-00994
CALENDAR: 11
PAGE 1 of 13
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
CHANCERY DIVISION
CLERK DOROTHY BROWN

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

DANNY PRATT, individually and on behalf
of all others similarly situated,

*Plaintiff,*

v.

EVERALBUM, INC., a Delaware
corporation,

*Defendant.*

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Danny Pratt brings this Class Action Complaint and Demand for Jury Trial

against Defendant Everalbum, Inc., ("Defendant") to put an end to its unlawful and deceptive

marketing tactics. Plaintiff alleges as follows upon personal knowledge as to himself and his own

acts and experiences, and, as to all other matters, upon information and belief, including

investigation conducted by his attorneys.

## NATURE OF THE ACTION

1.      Defendant owns and operates a mobile app called Ever, which allows users to free

up space on their Apple and Android devices by uploading their photos and videos to its cloud

storage service.

2.      To grow its user base and compete with the well-established cloud storage

services already offered by Google and Dropbox, Defendant began offering new users "1000

GB" of "Photo Storage" in exchange for allowing it to "invite" their contacts to join the app. On

the surface, Defendant's offer was attractive. After all, 1,000 GB of cloud storage costs about

$99 per year through competing services. However, as the Ever users that accepted the offer

1

quickly learned, it was entirely misleading for two reasons.

3.     First, Defendant had no intention of holding up its end of the bargain, and in fact, no user ever received the "1000 GB" of "Photo Storage" that it promised.

4.     Second, instead of sending mere "invitations" to the users' contacts, Defendant sent deceptive advertisements that featured (1) the new Ever user's full name; (2) a false statement that he or she "recommended you check out *your photos* on Ever" (emphasis added); and (3) a hyperlink to download Defendant's app. In reality, however, new users have never "recommended" that anyone "check out" any photos on Ever. In fact, Defendant sends these text messages *before* any photos are even uploaded to the service.

5.     Accordingly, Defendant used its new users' full names and identities as an instrument of its deceptive advertisement scheme to increase app downloads.

6.     Nonetheless, Ever users never gave their written consent to use their names or identities for a commercial purpose, let alone in a false and misleading advertisement that was harmful to their reputation. Accordingly, Defendant misappropriated its users' full names for commercial purposes without first obtaining their consent in violation of the Illinois Right of Publicity Act, 765 ILCS 1075 *et seq*. ("IRPA").

ELECTRONICALLY FILED
1/23/2017 5:35 PM
2017-CH-00994
PAGE 2 of 13

## PARTIES

7.     Plaintiff Danny Pratt is a natural person and citizen of the State of Illinois.

8.     Defendant Everalbum, Inc. is a corporation existing under the laws of the State of Delaware with its principal place of business located at 1 Letterman Drive, Building C, San Francisco, California 94129. Defendant conducts business throughout this District, the State of Illinois, and the United States.

2

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this action pursuant to 735 ILCS 5/2-209 because Defendant conduct business transactions in Illinois and has committed tortious acts in Illinois.

10.     Venue is proper in Cook County under 735 ILCS 5/2-101 because Defendant is a nonresident of this State, and thus, this action may be commenced in any county.

## COMMON FACTUAL ALLEGATIONS

### The Illinois Right of Publicity Act

11.     In 1999, the Illinois legislature recognized that every individual has the "right to control and choose whether and how [his or her] identity [is used] for commercial purposes," 765 ILCS 1075/10, and as a result, passed the IRPA to both protect individual property rights and prevent the exploitation of an individual's identity for another's commercial gain.

12.     The IRPA protects consumers from unauthorized use of their names, signatures, photographs, images, likenesses, or voices for commercial purposes.

13.     Indeed, the IRPA states that "a person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent from the appropriate person...." 765 ILCS 1075/30. And notably, the IRPA does not require the person seeking relief under the Act to be a public figure.

### Defendant Uses Consumers' Names In Text Message Advertisements

14.     Defendant owns and operates a photo backup mobile application. Defendant distributes its app on the Apple App Store and the Google Play Store.

15.     The Ever app offers a free version that permits unlimited storage of photos at less than full resolution, but does not permit storage of videos or full resolution photos. Alternatively, a consumer may upgrade to the paid version of the app for $11.99 a month to get unlimited

ELECTRONICALLY FILED
1/23/2017 5:35 PM
2017-CH-00994
PAGE 3 of 13

storage of full resolution photos and videos.

16.     During the required account sign-up process, and juxtaposed with the options set out above, Defendant ostensibly requires new users to "Allow Access to [their] Contacts" to, purportedly, "Get Free Storage." *See* Figure 1. Once Defendant gains access to a user's contact list it presents users a "promotion" for free storage. Specifically, Defendant promises: "Never Pay for Photo Storage Again" because users can "Earn 1000 GB by inviting all friends." *See* Figure 2.



ELECTRONICALLY FILED
1/23/2017 5:35 PM
2017-CH-00994
PAGE 4 of 13



(**Figure 1.**)



(**Figure 2,** redacted to protect privacy.)

17.     Yet, Defendant never intended to keep its end of the bargain. Users that accepted the terms of the "promotion" and allowed Defendant to invite their friends never received the purported "1000 GB" of "Photo Storage." Thus, Defendant designed the "promotion" (*i.e.*, the free storage offer) solely to induce its users into providing their contact lists.

18.     Thereafter, Defendant sent text message advertisements to each and every cell phone number contained in such users' contact list.

4

19.    The defining feature of Defendant's advertisement was the use of the user's full name. As shown in <u>Figure 3,</u> the advertisement states that "[full name of the user] just recommended you check out your photos on Ever. Link expires tomorrow: app.ever.pics" (the "Ever Advertisement").



(**Figure 3,** showing an Ever Advertisement featuring Plaintiff Pratt's full name).

20.    All of the Ever Advertisements sent by Defendant were virtually identical.

21.    Notably, each and every Ever Advertisement was demonstrably false. Indeed, though Defendant states that its user "recommended you check out your photos," Ever users never recommended *any* photos of anyone—let alone photos of *all* individuals who received the Ever Advertisement. In fact, the Ever Advertisement was sent *before* the user even has an opportunity to upload any photos to Ever.

22.    Likewise, Defendant's "Link expires tomorrow" statement was also false—the hyperlink didn't actually expire the next day or even the next week.

23.    The reason that Defendant included all of this false language in the advertisement was to create an interest and a false sense of urgency with the text message recipients in the hopes that they would download the app to see the photos of themselves that were supposedly uploaded. But individuals that downloaded Ever as a result of this campaign quickly realized that the purported "photos" of themselves didn't exist.

ELECTRONICALLY FILED
1/23/2017 5:35 PM
2017-CH-00994
PAGE 5 of 13

24.     Defendant misappropriated its users' names for its own benefit and to aid in the

marketing and promotion of its mobile app. Indeed, Defendant seeks to encourage individuals to

download its app simply *because their friends have already done the same.* The value to a

company (such as Defendant) of using the identity of a consumer's friend, in order to market and

promote its mobile app, is measurably higher than that of a stranger.

25.     Most importantly, Defendant never obtained consent from its users to feature

them in the Ever Advertisement. Defendant never warned or alerted consumers during the

registration process (or at all) that it intended to use their names in advertisement for its mobile

app. Consumers were never given the opportunity to edit or approve the content of the Ever

Advertisement that contained their full name. Worst of all, Ever users never agreed to allow

Defendant to use their names in a demonstrably false advertisement by claiming that they

"recommended" that people "check out" "photos" of themselves that didn't exist.

### FACTS SPECIFIC TO PLAINTIFF PRATT

26.     On or around October 2016, Plaintiff Pratt downloaded the Ever app on his

mobile device.

27.     As described above, Defendant induced Pratt to allow the app to invite all his

contacts by promising him the purported "1000 GB" of "Photo Storage." Defendant displayed

the same screens depicted in Figures 1, 2 above.

28.     However, Defendant's promise was illusory and designed solely to mislead

Plaintiff. Defendant never even intended to follow through on its promise to give Plaintiff 1000

GB of photo storage.

29.     On information and belief, despite its representations to the contrary, Defendant's

app isn't even capable of delivering a specific amount of storage (such as 1000 GB) to any

ELECTRONICALLY FILED
1/23/2017 5:35 PM
2017-CH-00994
PAGE 6 of 13

6

particular user, and thus, it was technically incapable of fulfilling its end of the bargain. And as

importantly, Defendant knew that it did not have the technical capability to fulfill its promise to

Plaintiff.

30.     Needless to say, Plaintiff never received the "1000 GB" of photo storage he was

promised.

31.     Shortly thereafter, Defendant sent the Ever Advertisements to every individual in

his contact list (*See* Figure 3). The Ever Advertisements stated that "Danny Pratt just

recommended you check out your photos on Ever. Link expires tomorrow: app.ever.pics."

32.     Plaintiff Pratt never gave his written consent to Defendant to use his name for

commercial purposes, and never consented to the use of his name to promote the Ever app.

ELECTRONICALLY FILED
1/23/2017 5:35 PM
2017-CH-00994
PAGE 7 of 13

## CLASS ACTION ALLEGATIONS

33.     **Class Definition**: Plaintiff Pratt brings this action pursuant 735 ILCS 5/2-801 on

his behalf and a class defined as follows:

> All individuals (1) who reside in the State of Illinois, and (2) whose names were
> displayed in an Ever Advertisement.

Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members

of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and

any entity in which the Defendant or its parents have a controlling interest and its current or

former employees, officers and directors; (3) persons who properly execute and file a timely

request for exclusion from the Class; (4) persons whose claims in this matter have been finally

adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel;

and (6) the legal representatives, successors, and assigns of any such excluded persons.

34.     **Numerosity**: The exact number of Class members is unknown and not available

to Plaintiff at this time, but it is clear that individual joinder is impracticable. Class members can

be identified through Defendant's records.

35. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the putative Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

ELECTRONICALLY FILED
1/23/2017 5:35 PM
2017-CH-00994
PAGE 8 of 13

    (a)    Whether Defendant used Plaintiff's and Class members' names in the Ever Advertisements;

    (b)    Whether Plaintiff and Class members provided their written consent to Defendant to use their names in the Ever Advertisements;

    (c)    Whether the conduct describes herein constitutes a violation of the Illinois Right of Publicity Act 765 ILCS 1075/1 *et seq.*;

    (d)    Whether Plaintiff and the Class members are entitled to injunctive relief;

    (e)    Whether Plaintiff and the Class, on the one hand, and Defendant, on the other, entered into a valid and enforceable contract; and

    (f)    Whether Defendant breached its contractual obligations.

36. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff's claims are representative of the claims of the other members of the Class. Plaintiff also has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so.

37. **Appropriateness**: This case is appropriate for certification because class

proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. The injuries suffered by the individual members of the Class are likely to have been relatively small compared to the burden and expense of individual prosecution of the litigation necessitated by Defendant's actions. Absent a class action, it would be difficult, if not impossible, for the individual members of the Class to obtain effective relief from Defendant. Even if members of the Class themselves could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties and the Court and require duplicative consideration of the legal and factual issues presented herein. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered, and uniformity of decisions will be ensured.

ELECTRONICALLY FILED
1/23/2017 5:35 PM
2017-CH-00994
PAGE 9 of 13

## FIRST CAUSE OF ACTION
### Violation of the Illinois Right of Publicity Act 765 ILCS 1075/1, *et seq.*
### (On behalf of Plaintiff and the Class)

38.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

39.    The Illinois Right of Publicity Act prohibits using a person's name, photograph, image, or likeness for the sale or advertisement of goods, merchandise, products, and services without previous written consent. 765 ILCS 1075/1 *et seq.*

40.    Defendant used Plaintiff's and putative Class's names in the Ever Advertisements.

41.    Defendant's use of Plaintiff's and putative Class members' names in the Ever Advertisements was designed to encourage Plaintiff's and the Class's contacts (*e.g.*, coworkers, friends, and family) to download and use the Everalbum mobile app and to convey that the

individuals featured in the Ever Advertisements endorse Everalbum.

42.     Defendant did not obtain written consent from Plaintiff and putative Class members before using their names. In fact, Defendant never even notified Plaintiff and the Class that it was using their names in the Ever Advertisements.

43.     As described above, the Ever Advertisements contained statements that were demonstrably false. First, though Defendant misrepresented that Plaintiff and the Class "recommended you check out your photos"—Ever users *never* actually recommended *any* photos of anyone—let alone photos of *all* individuals who received the Ever Advertisements. In fact, the Ever Advertisements were sent *before* the Plaintiff and the Class even had an opportunity to upload any photos to the app. Next, the hyperlink included in the text message didn't actually expire the next day or even the next week, and thus the "Link expires tomorrow" statement was also false.

44.     Given Defendant's violation of the Illinois Right of Publicity Act, Plaintiff and Class members are entitled to (1) an injunction requiring Defendant to stop using its users' names to promote its Everalbum photo backup app, (2) the greater of an award of actual damages, including profits derived from the unauthorized use of Plaintiff's and Class's names, or statutory damages of $1,000 per violation of the members of the Class, (3) an award of punitive damages, (4) an award of costs and reasonable attorneys' fees under 765 ILCS 1075/40–55.

ELECTRONICALLY FILED
1/23/2017 5:35 PM
2017-CH-00994
PAGE 10 of 13

## SECOND CAUSE OF ACTION
### Breach of Contract (In The Alternative to the First Cause of Action)
### (On behalf of Plaintiff and the Class)

45.     Plaintiff incorporates paragraphs 1–37 as if fully set forth herein.

46.     Plaintiff and Class members entered into a contract with Everalbum to receive "1000 GB" of "Photo Storage" in exchange for allowing Everalbum to invite their friends. As

shown in <u>Figure 2</u>, Everalbum offered its users "1000 GB" of "Photo Storage" in exchange for users "inviting all [their] friends."

47.     Plaintiff and Class members accepted Everalbum's offer by clicking "Unlock Free Storage" and allowing Everalbum to invite all their friends. Everalbum then created and sent an Ever Advertisement, featuring Plaintiff's and Class members' names, to each and every contact from their contact lists. Thus, Plaintiff and Class members have fully performed their contractual obligations.

48.     Unfortunately, Defendant never kept its end of the bargain and it did not provide Plaintiff and Class members with the promised "1000 GB" of "Photo Storage."

49.     Defendant acted willfully and with the intent to breach the contract entered into with Plaintiff and the Class. Defendant never intended to perform its contractual obligation.

50.     Plaintiff and Class members have suffered damages as a result of Defendant's breach of contract. While Plaintiff and Class members gave Defendant access to their contact list to aid in its (misleading) advertisement campaign, they were never compensated as promised (either with real money or with the "1000 GB" of "Photo Storage").

51.     The amount of damages suffered by Plaintiff and the Class is easily quantifiable. Though Defendant does not offer a "1000 GB" option to its customers, other cloud-based photo storage services charge between $8 and $10 per month for a comparable storage capacity.[1]

52.     Accordingly, Plaintiff seeks and order (i) awarding Plaintiff and the Class actual damages; and (ii) requiring Defendant to pay reasonable costs and attorneys' fees.

---

[1] *See e.g., Choose the right Dropbox for you*, Dropbox, https://www.dropbox.com/plans (last visited Jan. 23, 2017) (offering 1 TB of storage for $8.25 per month); *Google Drive storage plans & pricing - Drive Help*, Google, https://support.google.com/drive/answer/2375123?hl=en (last visited Jan. 23, 2017) (offering 1 TB of storage for $9.99 per month).

11

ELECTRONICALLY FILED
1/23/2017 5:35 PM
2017-CH-00994
PAGE 11 of 13

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Danny Pratt, individually and on behalf of the Class, prays that

the Court enter an Order:

(a)    Certifying the class as defined above, appointing Danny Pratt as Class Representative, and appointing his counsel as Class Counsel;

(b)    Declaring that Defendant's actions described herein constitute a violation of the Illinois Right of Publicity Act and a breach of contract;

(c)    Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including *inter alia*, prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

(d)    Awarding the greater of actual damages, including profits derived from the unauthorized use of Plaintiff's and Class members' identities, or statutory damages in the amount of $1,000 per violation to the members of the Class;

(e)    Awarding punitive damages where applicable;

(f)    Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

(g)    Awarding Plaintiff and the Class pre- and post-judgment interests; and

(h)    Granting such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

ELECTRONICALLY FILED
1/23/2017 5:35 PM
2017-CH-00994
PAGE 12 of 13

Respectfully submitted,

**DANNY PRATT**, individually and on behalf
of all others similarly situated,

Dated: January 23, 2017

By: /s/ Ari J. Scharg
One of Plaintiff's Attorneys

Benjamin H. Richman
brichman@edelson.com
Ari J. Scharg
ascharg@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378
Firm ID: 44146

*Attorneys for Plaintiff and the Putative Class*

ELECTRONICALLY FILED
1/23/2017 5:35 PM
2017-CH-00994
PAGE 13 of 13

# EXHIBIT 2

Summons - Alias-Summons                                                    (12/31/15) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

DANNY PRATT

v.                        No. 2017-CH-00994

EVERALBUM, INC.

Defendant Address:
EVERALBUM, INC.
R/A NATIONAL REGISTERED AGENTS, INC.
160 GREENTREE DR
STE 101
DOVER, DE 19904

☑ SUMMONS ☐ ALIAS - SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802 ,Chicago, Illinois 60602

☐ District 2 - Skokie
   5600 Old Orchard Rd.
   Skokie, IL 60077

☐ District 3 - Rolling Meadows
   2121 Euclid 1500
   Rolling Meadows, IL 60008

☐ District 4 - Maywood
   Maybrook Ave.
   Maywood, IL 60153

☐ District 5 - Bridgeview
   10220 S. 76th Ave.
   Bridgeview, IL 60455

☐ District 6 - Markham
   16501 S. Kedzie Pkwy.
   Markham, IL 60428

☐ Richard J. Daley Center
   50 W. Washington, LL-01
   Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☐ Atty. No.: 44146

Name: KAMBER EDELSON LLC

Atty. for: DANNY PRATT

Address: 350 N LASALLE 1300

City/State/Zip Code: CHICAGO, IL 60654

Telephone: (312) 589-6370

Primary Email Address: ascharg@edelson.com

Secondary Email Address(es):

Witness: Monday, 23 January 2017.

DOROTHY BROWN, Clerk of Court

Date of Service: 1/30/17

(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:**

(Area Code)     (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Page 1 of 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| DANNY PRATT, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| EVERALBUM, INC., a Delaware corporation | ) ) ) |
| Defendant. | ) ) |

**DECLARATION OF JONATHAN MUMM**

I, JONATHAN MUMM, declare and state as follows:

1.      I am Director of Engineering at Everalbum, Inc. ("Ever").  I am over eighteen years of age and am competent to make this declaration.  I have personal knowledge of the facts stated herein as a result of my employment with Ever.  I affirm that the facts stated herein are true and correct.

2.      Ever is a smartphone application company incorporated in Delaware with its principal and sole place of business in San Francisco, California.  I have been employed by Ever since March 2013.

3.      Ever operates a smartphone application (the "App"), which runs on iPhones and Androids and allows users to save storage space on their phones by automatically saving, backing up and organizing their photos and videos across all sources (*e.g.*, Facebook, Instagram, Dropbox and Google) to the cloud so that users can access them anytime, anywhere in the world.

1

The App also allows users to edit photos and create and share their photo albums with their friends and family members who have downloaded the App.

4.      The App provides users with free, unlimited high resolution storage.  Users are also given the option of purchasing unlimited, enhanced full resolution storage and HD video storage.  Alternatively, users can earn unlimited gigabytes ("GB") of enhanced storage for free when they invite all their contacts to join them on the App and view their shared photo albums.

5.      According to Ever's business records, on October 18, 2016, Ever user, Danny Pratt, downloaded the App and sent 99 text message invitations to his contacts.  In exchange for inviting all his contacts to join the App, Mr. Pratt was given access to unlimited GB of enhanced storage for free.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, California on March 1, 2017.

JONATHAN MUMM

2